26 C.C.P.A. (Patents)

## HILL et al. v. EATON et al.

Patent Appeals No. 4085.

Court of Customs and Patent Appeals.
March 6, 1939.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

The junior party Hill and Hey appeals from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Examiner of Interference awarding priority of invention to the senior party, Eaton and Sanford.

The interference proceeding involves the application for a patent "For Gear Shifting Mechanism" of appellees, Serial No. 743,474, filed September 10, 1934 and a patent of appellants, No. 2,030,838, for "Gear Shifting Mechanism For Motor Vehicles" issued February 11, 1936, on an application, Serial No. 15,904, filed April 11, 1935.

As the earliest date claimed by appellants is subsequent to the filing date of appellees, appellants were placed under an order to show cause why judgment on the record should not be entered against them.

Thereupon appellants moved to dissolve the interference on the ground that appellees were not entitled to make the single count of the interference in their application.

The Primary Examiner denied the motion, holding that the application supported the count. Thereafter the Examiner of Interferences rendered a decision awarding priority of the subject matter of the count to appellees.

Upon appeal the Board of Appeals affirmed the decision of the Examiner of Interferences which held that the decision of the Primary Examiner properly decided that appellees could make the count in issue.

The count, which originated in the said patent of appellants, reads as follows: "In combination with a motor vehicle including a clutch and a transmission provided with shifting means, a gear shifting assembly comprising power means operative for moving said shifting means selectively to a plurality of operative positions, control mechanism including a plurality of control devices for rendering said power

means operative, fluid pressure means for selectively actuating said control devices, and means operative upon disengagement of the clutch for rendering said control mechanism operative."

The sole question here, as stated in the brief of the appellants, is the right of appellees to make the count, specifically with respect to the last clause thereof, which reads "means operative upon disengagement of the clutch for rendering said control mechanism operative."

With respect to the issue before us the Primary Examiner stated: "With respect to the second contention of Hill and Hey, it is to be noted that the count merely calls for a means which is operative upon disengagement of the clutch for rendering the control mechanism operative. It is clear that the structure of Sanford and Eaton comprises a control mechanism for shifting the shift rods. This mechanism is of the preselective type, that is, it can be set for a certain operation of the parts thereof, but such operation cannot occur until the clutch is disengaged. Therefore, the control mechanism is inoperative to function and does not become operative to complete its function until the clutch is disengaged. This structure is clearly found in Sanford and Eaton, wherein the depression of the clutch pedal acts to disengage the detent 31, thus allowing the control mechanism to operate in accordance with a pre-determined setting of the handle 25. Therefore, it is clear that the control mechanism is rendered operative by the disengagement of the detent 31, which is a 'means operative upon disengagement of the clutch for rendering said control mechanism operative.' "

The board in approving the holding of the Primary Examiner said: "As to the second expression above noted, it applies to detent 30 in the Eaton and Sanford construction which controls the movement of the selector device 89. It is urged this detent has nothing to do with the operation of selector member 89 but allows pressure means to actuate that member when the detent is moved to ineffective position. In the Hill and Hey construction the movement of the clutch controls the operation of a valve 92 to allow fluid pressure to effect actuation of control valve mechanism 71. We believe this term 'control mechanism' is so broad as might include member 27 of Eaton et al. and

the removal of the detent above noted allows this member to be actuated by fluid pressure means to move other control mechanism which reads on the expression above noted in the issue count. The term 'fluid pressure means' need not include the end of plunger 89 of Eaton. The claim is drawn in broad language."

We do not deem it necessary to attempt to depict the intricate machinery of either the application or the patent here involved as the issue is so narrow that it may be lucidly set out by reference to relatively few structural features. It may be incidentally noted that we have been compelled by reason of the confusing maze of numbers in both application and patent to spend much time and effort to find and understand the comparatively simple elements upon which our decision must turn.

The "detent" mentioned by the Primary Examiner and the board is a metal rod, fluid pressure operated through the bottom of a valve, which engages in any one of several notches on one end of a piston. While the clutch is engaged, a spring normally maintains the detent in a latched position on the piston. On the other end of the piston is a fluid pressure means by which the piston is actuated. It will be observed that while the clutch is engaged and the detent latched with the piston the fluid pressure means at the other end is prevented from functioning. When the clutch is disengaged the detent is unlatched from the piston and the pressure means at the other end of the piston becomes operative.

The piston is called "the selector device" in the decision of the board, and through its movement in relation with other mechanism, any pre-selected gear shift is made.

In the structure of appellants there is no detent device and the disengagement of the clutch allows the actuation of the power and valve control mechanisms for shifting without any such intervention.

The clause of the count upon which the issue is made, is merely a "means operative upon disengagement of the clutch for rendering said control mechanism operative," and it will be noted this clause reads in broad language and is not limited to means directly operative.

Appellants contend that the only reason why the control mechanism of appellees does not function while the clutch is engaged is because the detent is latched on

the piston and this does not mean that the control mechanism is inoperative and for this reason that appellees cannot make the count.

We cannot agree with this contention. It seems clear to us, as it did to the tribunals below, that when the detent is latched the control mechanism is destitute of result and, therefore, inoperative. When the piston is released by reason of the raising of the detent the control mechanism immediately begins to operate by reason of fluid pressure and thus, in our opinion, is rendered operative. Until the clutch is disengaged the detent is not lifted.

We believe that the structure shown in the count is clearly disclosed by the application of appellees and they are therefore entitled to make the count involved in this interference.

Since the appeal herein is confined to the narrow issue above set forth, and since we believe, from what has hereinbefore been said, that the application of appellees discloses a structure which fully meets the requirement of the count, the decision of the Board of Appeals is affirmed.

Affirmed.